Nott, J.,
delivered the opinion of the court:
In this case evidence was offered by the claimants to show that by the usage of the Executive Departments receipts in full are to be regarded only as receipts for the amount of money actually paid, and that they do not conclude the party from maintaining his action for the balance of the debt which may be actually due. The purpose of the evidence was to take the case out of the decision of the Supreme Court in the case of Clyde, (7 O. Cls. B., p. 262.)
In Comstoelc’s Case, (ante, p. 141,) we endeavored to classify the *402 decisions of the Supreme Court upon the subject of compromises with the Government, and from those decisions drew the following deductions:
“ What does seem to have been decided may be reduced to three heads, and nothing more: First, where the Government is contractor, a refusal to carry out an express contract by the head of an Executive Department, or a dispute on the part of the'officers authorized to adjust such accounts, will render the case not merely disputed, but ‘ disputable,’ within the intent of the ordinary rule of law, so as to make it the subject of compromise, without the compromise being necessarily supported by a new consideration. Second, where payment of an express contract is disputed by the head of an Executive Department, and a means of compromise is proffered beyond the ordinary accounting officers of the Treasury or the officers authorized by law to adjust such accounts, such as a quasi arbitrament in the form of a commission, then, if the party, voluntarily or involuntarily, avail himself of the proffered means, and accept the amount which is allowed, without affirmatively informing the Government that it will not be taken in discharge of the debt, it will constitute a final and conclusive compromise. Third, where an express contract is, for any reason or without a reason, disputed by the officers authorized to adjust such accounts, acceptance of the portion allowed, accompanied by the giving of a receipt in full, will attach to the receipt all the consequences of a. release under seal, and be deemed conclusive evidence of a legal agreement to accept a portion in satisfaction of the whole.”
But, irrespective of the decisions of the Supreme Court, we are of the opinion that in this case there were those elements of doubt and uncertainty about the demand which would make it fairly disputable within the decisions of the English courts and of this court in numerous cases. (Sweeney’s Case, 5 C. Cls. R., p. 285; Comstock’s Case, ante, p. —.) As such it was properly the subject of compromise; and we think that it actually was compromised within the intent of both parties, irrespective of the terms of the receipt.
The judgment of the court is that the petition be dismissed.