Bichardson, J.,
delivered the opinion of the court:
• The claimant was employed by the defendants’ agents as fireman and laborer, at the Naval Academy at Annapolis, at wages of $2.50 per day, with the understanding that between October and June his time of working was to be twelve .hours each cal *280 endar day. Daring the other months he worked eight hours a day. Such was the petitioner’s contract, his work, and his pay when, on the 25th of June, 1868, Cong’ress passed the act (15 Stat. L., 77) declaring “ that eight hours shall constitute a day’s worhfor all laborers, worhmen, and mechanics now employed, or who may hereafter be employed, by or on behalf of the Government of the United States.” (Rev. Stat., § 3738.)
Upon the passage of that act the petitioner, with other laborers at the Academy, applied to the defendants’ agents to know what was to be done with reference to it, and was present wlen it was decided by the superintendent of the Academy that ;he wages would not be increased, and that if any of the men would not work the full hours he would put others in their piases. The claimant thereupon returned to his work and continued so employed until he was discharged, October 15,1872, a period o" more than fifty-one months, laboring each calendar day betweei October and June twelve hours, and at the end of each and ever month, during the whole time, he accepted payment for hi month’s work at the original contract price, without protest o. objection. This acquiescence of the claimant in the terms an nounced by the superintendent as those upon which alone he could continue in employment, his returning to his work and continuing as before, and his accepting $2,50 a day for each calendar day, in monthly payments, for more than four years afterwards, constituted, in our opinion, a renewal of the original contract by which he agreed to' receive that rate of pay for twelve hours’ work.
The question then arises, What is the effect of that act upon a special contract, made’ since its passage, wherein a laborer contracts to work for the United States twelve hours each cal-’ endar day, at a rate agreed upon, and accepts payment each month while in service at the contract rate ? We are of opinion that the act has no application to such a case. It does not regulate the compensation to be paid to employés, but leaves that to be determined by the contract of the parties or the rules of law; nor does it place laborers and mechanics under any disability to make contracts, nor prohibit them from working more than eight hours each calendar day, nor in any way prevent them from waiving its intended beneficial provisions. The claimant is entitled to pay for his labor. If he has entered into a special contract, he is bound by the whole of it, and can *281 not set up part and repudiate tbe rest. Having agreed to work twelve hours for $2.50, the statute does not operate to increase his pay by one-half for those twelve hours’ labor simply because they all come within one calendar day. If it does, then, if a laborer contracts to work six hours a day for $2.50, it would operate to deprive him of one-third of his agreed compensation, and compel him to accept two-thirds in payment of the amount agreed upon. It would be a forced and unreasonable construction, and one which we cannot adopt, to' hold that the act so operates upon special contracts as to give to a laborer a rate of compensation one-half greater or to compel him to accept a rate one-third less than that which he contracted for.
The claimant was either employed under a special contract, in which case the contract controls the rate of his pay, and he has been fully paid in accordance with its terms, as we have shown, or he was at work upon an implied contract, in which case he would be entitled to what his services were worth, and the facts show that they were worth no more than he has received. It appears that firemen employed in Annapolis in similar work, laboring twelve hours a day, were paid only $2 a day, while the claimant was receiving $2.50 for like work and the same hours of labor. No evidence is produced that his services were worth more, or that the current rate of pay to others for similar work was greater. Therefore upon neither the special contract nor a quantum meruit is the petitioner entitled to recover.
But the claimant seeks to recover extra compensation for each day that he worked twelve hours between June 25,1868, and May 19, 1869, under the provision of the Act May 18, 1872, directing the proper accounting officers, in the settlement of all accounts for the services of laborers-, workmen, and mechanics, between those dates, to settle and pay the same without reduction on account of reduction of hours of labor by the Eight-hour Lato, “when it shall he made to appear that such was the sole cause of the reduction of wages.” (Rev. Stat. § 3689, p. 732.)
The claimant’s wages and hours of labor remained the same after as before the passage of the Eight-hour Law. The accounting officers were made the judges of the fact and the cause of the reduction of wages, when claimed, and were authorized to settle accounts under that act. To them he submitted his *282 claim, and by them it was allowed in part, and the amount allowed was received by the claimant and receipted for by him in full payment of the account. This was a disputable and disputed claim, and, the claimant having submitted the same to the officers authorized by law to pass upon and settle it, and having accepted the amount allowed by them and receipted the account in full, he is barred from any father recovery thereon. (Coni-sto ole’s Case, 9 C. Cls. R., 141, and the cases therein cited; Raneóos Case, 9 C. Cls. R., 400.)
Whatever benefits the Right-hour Lato might have conferred upon the claimant while employed at the Naval Academy, he neglected to avail himself of, and has waived and lost by his own acts, and cannot recover in this action.
The claimant’s petition is dismissed.
The Chief-Justice was not present when this case was submitted, and took no part in the decision.